**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENDRA SUE TREY ROSE STRIET,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security Administration,<br><br>  Defendant. | Case No.: 3:17-cv-00673-MMD-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF Nos. 13, 14 |

This Report and Recommendation is made to the Honorable Miranda M. DU, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Reversal and/or Remand. (ECF No. 13.) The Commissioner filed a Cross-Motion to Affirm and Opposition to Plaintiff's motion. (ECF Nos. 14, 15.) Plaintiff filed a reply. (ECF No. 17.)

After a thorough review, it is recommended that Plaintiff's motion be granted; the Commissioner's cross-motion be denied; and, the case be remanded for further proceedings consistent with the findings in this Report and Recommendation.

**I. BACKGROUND**

On July 1, 2014, Plaintiff completed an application for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging disability beginning July 28, 2006, due to back problems and depression. (Administrative Record (AR) 160-165.) The applications were denied initially and on reconsideration. (AR 96-98, 104-106.)

Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 107-09.) ALJ Craig Denney held a hearing on August 5, 2016. (AR 39-59 .) Plaintiff, who was represented by counsel, appeared and testified on her own behalf at the hearing. Testimony was also taken from a vocational expert (VE). On November 8, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 18-33.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-3.)

Plaintiff then commenced this action for judicial review under 42 U.S.C. § 405(g). Plaintiff asserts that the ALJ gave significant weight to the opinions of non-examining psychologists R. Torigoe, Ph.D., and Pastora Roldan, Ph.D., that Plaintiff had the ability to understand and remember work locations and procedures of a simple, routine nature involving one- to two-step tasks and instructions. Plaintiff argues that this conflicted with the ALJ's RFC that limited Plaintiff only to simple, routine tasks and simple work-related decisions, because the ALJ did not include the limitation to one- to two-step tasks. Plaintiff contends the ALJ failed to recognize the difference between a limitation to one- to two- step tasks and simple, routine tasks, and therefore, actually rejected those opinions of Drs. Torigoe and Roldan. She asserts that there is an apparent conflict between the jobs identified by the ALJ and the limitation to one- to two-step tasks.

The Commissioner, on the other hand, argues that the ability to perform simple, repetitive tasks is consistent with the ability to perform simple one- to two-step tasks, and the jobs identified by the ALJ are consistent with those limitations.

## II. STANDARDS

### A. Disability Process

After a claimant files an application for disability benefits, a disability examiner at the state Disability Determination agency, working with a doctor(s), makes the initial decision on the claimant's application. *See* 20 C.F.R. §§ 404.900(a)(1); 416.1400(a)(1). If the agency denies the claim initially, the claimant may request reconsideration of the denial, and the case is sent to a different disability examiner for a new decision. *See* 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2). If the agency denies the claim on reconsideration, the claimant may request a hearing and the case is sent to an ALJ who works for the Social Security Administration. *See* 20 C.F.R. §§ 404.900(a)(3), 416.1400(a)(3). The ALJ issues a written decision after the hearing. *See* 20 C.F.R. § 404.900(a)(3). If the ALJ denies the claim, the claimant may request review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4). If the Appeals Council determines there is merit to the claim, it generally remands the case to the ALJ for a new hearing. If the Appeals Council denies review, the claimant can file an action in the United States District Court. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

### B. Five-Step Evaluation of Disability

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national

economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meet or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's

impairment is severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitation(s), and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).

A claimant can return to previous work if he or she can perform the "actual functional demands and job duties of a particular pat relevant job" or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted).

///

///

If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131 ("Generally, a claimant who is physically and mentally capable of performing past relevant work is not disabled, whether or not he could actually obtain employment.").

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. § 404.1520(e) and § 416.920(e); *see also Yuckert*, 482 U.S. at 141- 42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez*, 740 F.3d at 528. If the claimant cannot do the work he or she did in the past, the Commissioner must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a vocational expert or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

"The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (quotation marks and citation omitted). The Grids place jobs into categories by their physical-exertional requirements, and there are three separate tables, one for each category: sedentary work, light work, and medium work. 20 C.F.R. Part 404, Subpart P, Appx. 2, § 200.00. The Grids take administrative notice of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels. *Id*. Each grid has various combinations of factors relevant to a claimant's ability to find

work, including the claimant's age, education and work experience. *Id*. For each combination of factors, the Grids direct a finding of disabled or not disabled based on the number of jobs in the national economy in that category. *Id*. The Grids may only be used where they "completely and accurately represent a claimant's limitations." *Tackett*, 180 F.3d at 1101. If a claimant suffers from non-exertional limitations, the ALJ may not apply the Grids because they are only based on strength factors. *See* 20 C.F.R. Part 404, Subpart 2, App. 2, § 200.00(e); 20 C.F.R. §§ 404.1569a, 416.969a (defining non-exertional limitations as those that do not directly affect a claimant's muscular strength). If a claimant's limitations are exertional and non-exertional, the Commissioner must consult the Grids first, and if the person is disabled under the Grids, there is no need to look at the effect of non-exertional limitations; however, if the person is not disabled under the grids, the non-exertional limitations must be examined separately. *See Lounsberry v. Barnhart*, 468 F.3d 1111, 1115-16 (9th Cir. 2006).

If at step five the Commissioner establishes that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood*, 616 F.3d at 1071; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**C. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 522 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id.* at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date of May 27, 2014. (AR 23.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: thoracolumbar dextroscoliosis without malalignment or compression deformities, lower lumbar muscle spasms, sciatica, mood disorder, and alcohol and substance abuse disorder reported in remission. (AR 23.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 24.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b), except she could sit, stand and walk for six hours in an eight-hour work day; she could frequently climb ramps and stairs, but could never climb ladders, ropes or scaffolds; she could frequently balance, kneel and crouch and occasionally stoop and crawl; she should avoid concentrated exposure to extreme cold and extreme heat and all exposure to moving mechanical parts and working at unprotected heights; and, she was able to understand, remember and carry out simple, routine tasks and make simple work-related decisions. (AR 25.)

The ALJ then concluded Plaintiff had no past relevant work. (AR 31.)

At step five, the ALJ determined, based on VE testimony, that considering Plaintiff's age, education, work experience and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: Assembler Electrical (Dictionary of Occupational Titles (DOT) Number 729.687-010, light exertional level, level 2 skill and specific vocational preparation (SVP)); Key Cutter (DOT Number 709.684-050, light exertional level, level 2 skill and SVP); Shipping/Receiving Weigher (DOT 222.387-074, light exertional level, level 2 skill and SVP). (AR 31-32.) As a result, the ALJ found Plaintiff not disabled through the date of the decision. (AR 32).

**B. Dr. Torigoe's and Dr. Roldan's Limitation to Simple One- and Two-Step Tasks and the ALJ's Assigned RFC With a Limitation to Simple, Routine Tasks**

Non-examining state agency psychologist Dr. Torigoe opined on November 3, 2014, that Plaintiff was able to understand and remember work locations and procedures of a simple, routine nature involving one- to two-step step job tasks and instructions. (AR 72.) Non-examining state agency psychologist Dr. Roldan opined on April 14, 2015, that Plaintiff was able to understand and remember work locations and procedures of a simple, routine nature involving one- to two-step job tasks and instructions. (AR 90.)

The ALJ acknowledged these opinions and accorded them significant weight: "The consultants opined the claimant could understand and remember work locations and procedures of a simple, routine nature involving 1-2 step job tasks and instructions. ... I found the reasoning of the State psychological consultants reliable and consistent with the evidence of record as a whole... . Accordingly, I accorded these opinions significant weight." (AR 30.)

Insofar as mental limitations are concerned, the ALJ's found Plaintiff had the RFC to "understand, remember and carry out simple, routine tasks and make simple work-related decisions." (AR 25.) There was no mention of the one- to two-step task and instruction limitation.

Plaintiff argues the ALJ failed to recognize the difference between a limitation to simple one- to two-step tasks, and a limitation to simple, routine tasks. Plaintiff contends this is significant because the Ninth Circuit recognized in *Rounds v. Commissioner of Social Security Administration*, 807 F.3d 996 (9th Cir. 2015), that there is an apparent conflict between a limitation to one- to two-step tasks and the demands of an occupation assigned reasoning level 2 by DOT. Here, the assembler electrical and key cutter occupations identified by the ALJ are assigned a reasoning level 2, while the shipping/receiving weigher occupation is assigned a reasoning level

3. If Plaintiff is limited to one- to two-step tasks, she argues that she cannot perform the reasoning level 2 or 3 jobs identified by the ALJ.

The Commissioner argues that the ALJ observed the limitations opined on by the State psychological consultants, and maintains that the ALJ incorporated the limitation into the RFC in finding Plaintiff could understand, remember and carry out simple, routine tasks and make simple work related decisions. In addition, the hypothetical posed to the VE limited Plaintiff to simple repetitive tasks. The Commissioner argues that simple routine tasks is the same is simple repetitive tasks, making the ALJ's RFC consistent with the hypothetical submitted to the VE.

The Commissioner further argues that the ability to perform simple, repetitive tasks is consistent with the ability to perform simple one- to two- step tasks, and is consistent with the DOT reasoning level designation of 2 and the DOT definition of unskilled work. The Commissioner contends that the ALJ's failure to incorporate the phrase "simple one- to two-step tasks" into the RFC is harmless at worse.

The non-examining consultative examiners opined Plaintiff was able to understand and remember work locations and procedures of a simple, routine nature involving one- to two-step job tasks and instructions. The ALJ gave these opinions great weight, but then only limited Plaintiff's RFC to the ability to perform simple, routine tasks, making no mention of the limitation to one- to two-step tasks and instructions. The ALJ then adopted the VE's testimony that Plaintiff could perform certain jobs that exist in significant numbers in the national economy. The ALJ's decision indicates that the jobs identified were assigned a specific vocational preparation (SVP) level of 2. It did not mention the reasoning level assigned to the occupations by the DOT.

At step five, the Commissioner considers the claimant's age, education, work experience and RFC to determine if the claimant can still perform other work. 20 C.F.R. § 416.920(a). Again,

the RFC is an assessment of what the claimant can still do despite his or her physical and mental limitations. 20 C.F.R. § 416.945(a)(1). The ALJ then considers potential occupations a claimant can perform, frequently relying on VE testimony. 20 C.F.R. § 416.966. The Department of Labor's DOT is used to determine what jobs exist in the national economy. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

The DOT describes the requirements for each listed occupation. One of the listed requirements is the occupation's specific vocational preparation or SVP. The SVP is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, App. C, 1991 WL 688702 (4th ed. Rev. 1991). It has nine levels, with SVP 2 being "[a]nything beyond short demonstration up to and including 1 month." *Id*.

The DOT requirements for each listed occupation also include the necessary General Educational Development (GED) levels which "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Id*. It has three divisions: reasoning development, mathematical development, and language development. *Id*. Reasoning development is further categorized into six levels, ranging from level 1 (which requires the least reasoning ability) to level 6 (which requires the most). *Id*. Level 1 requires the ability to "[a]pply commonsense understanding to carry out simple one- to two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id*. Level 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id*.

As was noted above, the ALJ's decision did not discuss the DOT reasoning level. Two of the jobs—the assembler electrical and key cutter—are assigned a DOT reasoning level of 2. The remaining job—shipping/receiving weigher— has a DOT reasoning level of 3. The Commissioner concedes the reasoning level 3 job would not be compatible with Plaintiff's abilities; therefore, the court's analysis will focus on the other two jobs with a reasoning level 2.

In *Rounds*, the ALJ assigned the claimant an RFC with a limitation to one- to two-step tasks, but concluded she could perform jobs that had a DOT reasoning level 2. Rounds argued the ALJ erred because the limitation to one- to two-step tasks matched exactly the description of a DOT reasoning level 1 standard, and the jobs with a reasoning level of 2 exceeded her limitation. *Rounds*, 807 F.3d at 1003.

*Rounds* pointed out that in *Zavalin*, the Ninth Circuit held that "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846 (citation omitted). Under Social Security Ruling (SSR) 00-4p, "the ALJ has an affirmative duty to 'ask the expert to explain the conflict and 'then determine whether the vocational expert's explanation for the conflict is reasonable' before relying on the expert's testimony to reach a disability determination.'" *Rounds*, 807 F.3d 996, 1003 (9th Cir. 2015) (quoting *Zavalin*, 778 F.3d at 846; SSR 00-4p, 2000 WL 1898704, at * 2, * 4 (Dec. 4, 2000).

*Zavalin* held that there was an "apparent conflict between the [RFC] to perform simple, repetitive tasks, and the demands of Level 3 Reasoning" that the ALJ did not recognize and reconcile. *Zavalin*, 778 F.3d at 846-48.

In *Rounds*, the court considered whether a limitation to one- to two-step tasks was consistent with jobs that required level 2 reasoning. The Ninth Circuit held that there is an apparent conflict between an RFC limiting a claimant to performing one- to two-step tasks and a DOT occupation assigned level 2 reasoning, "which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Rounds*, 807 F.3d at 1003. The court pointed out the similarity between the definition of level 1 reasoning and Rounds' RFC: Rounds was limited to one- to two-step tasks, and level 1 reasoning requires a person have the ability to apply "commonsense understanding to carry out simple one- or two-step instructions." *Id*. The court explained that "[o]nly tasks with more than one or two steps would require 'detailed' instructions" and those were the tasks Rounds was precluded from performing. *Id*. The court remanded for the ALJ to determine if there was a reasonable explanation to justify relying on the VE's testimony. *Id*.

In *Rounds*, the ALJ's RFC actually included the limitation to one- and two-step tasks, but this court faces the slightly different scenario here in that the ALJ gave significant weight to opinions that Plaintiff was limited to one- to two-step tasks, but assessed an RFC that only limited the Plaintiff to simple, routine tasks. Many district courts within this circuit have addressed this exact scenario following *Rounds*: the ALJ assigned an RFC with a limitation to simple, repetitive tasks, but failed to address opinions by doctors that the claimants were limited to one- to two-step tasks/instructions. These courts have concluded that the ALJ erred and remanded for further proceedings. *See Hampton v. Berryhill,* Case No. 17-cv-02004-LB, 2018 WL 2761954 (N.D. Cal. June 8, 2018) (remanding where ALJ gave great weight to doctor's assessment that included a limitation to understanding and remembering one- and two-step instructions, but failed to explicitly consider or explain that RFC did not incorporate that limitation); *Wilson v. Berryhill,*

Case No. 1:16-cv-01861-SKO, 2018 WL 1425963, at *35 (E.D. Cal. Mar. 22, 2018) (remanding where ALJ gave significant weight to doctor's functional assessment limiting claimant to carrying out simple one and two-step job instructions, but failed to address or account for this assessment in the RFC which only limited the claimant to simple, repetitive and routine tasks); *Wilson v. Colvin,* Case No. 16-cv-01971-WHO, 2017 WL 1861839, at * 6-7 (N.D. Cal. May 9, 2017) (remanding where ALJ adopted doctor's opinions but failed to address doctor's functional assessment limiting the claimant to simple one- to two-step job instructions without explanation for rejecting that portion of the opinion); *Burson v. Berryhill*, No. 15-cv-04991-DMR, 2017 WL 1065140, at * 4 (N.D. Cal. Mar. 20, 2017) (finding that ALJ erred when the ALJ accepted the doctor's opinion limiting the claimant to one- to two-step instruction work, but the RFC assessment did not account for that limitation and there was no explanation for the discrepancy); *Banales v. Berryhill*, No. EDCV 16-1247 AGR, 2017 WL 651941, at *2 (C.D. Cal. Feb. 16, 2017) (remanded where ALJ acknowledged doctor's assessment claimant could perform one- or two-step tasks, but did not expressly discount that conclusion and only limited the claimant to performing simple, repetitive tasks in the RFC); *Garcia v. Colvin*, No. CV 16-00652-JEM, 2016 WL 6304626, at * 6 (C.D. Cal. Oct. 27, 2016) (finding ALJ's RFC limiting claimant to simple, repetitive tasks to be inconsistent with doctor's limitation to easy one- to two-step directions when there was no explanation); *Wells v. Colvin*, No. 1:15-cv-0285-JLT, 2016 WL 4744668, at * 8 (E.D. Cal. Sept. 13, 2016) (remanding where ALJ purported to accept doctor's opinion that claimant could perform simple one- to two-step repetitive tasks, but did not adopt this limitation in the RFC, and only limited the claimant to simple, routine, and repetitive tasks).

In line with *Rounds* and the district court decisions cited above, the court concludes that the ALJ erred when he gave significant weight to the opinions of Drs. Torigoe and Roldan that

Plaintiff was limited to one- to two-step tasks, but then implicitly rejected or ignored their opinions when he assigned her an RFC that only limited her to simple, routine tasks with no explanation. The harmfulness of this error is manifested when the court considers the holding of *Rounds* that there is an apparent conflict between a limitation to one- to two-step tasks and an occupation with a DOT reasoning level 2. *See also Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."); *see also* Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996) (when an ALJ's RFC assessment "conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")[1]

The Commissioner argues the error was harmless because there is no distinction between a limitation to simple, routine or repetitive tasks and one- to two-step tasks. The court disagrees. *Rounds* made clear there is a distinction. Therefore, the court concludes that the ALJ was required to address the distinction and justify his decision to adopt an RFC that limited Plaintiff only to simple, repetitive or routine tasks.

The Commissioner also argues that there is no error because Plaintiff's RFC limiting him to simple repetitive/routine tasks was consistent with an SVP level of two, relying on a district court decision, *Gonzalez v. Commissioner of Social Security Administration,* 2018 WL 1426655 *(*N.D. Cal. Mar. 22, 2018). First, this does not take into account that the ALJ did not explain why

---

[1] SSRs do not carry "the force of law" but are nevertheless binding on ALJs. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). SSRs "reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Id.* (internal quotation marks and citation omitted).

the one- to two-step task limitation was not incorporated into the RFC. Second, the Commissioner's argument conflates the SVP and reasoning level requirements of the DOT.

In *Gonzalez*, the claimant argued that the ALJ erred when the hypothetical posed to the VE did not include the limitation to perform no more than simple, routine, repetitive tasks. The Commissioner argued there was no error because the ALJ asked the VE to identify unskilled jobs, and the jobs identified had a SVP of 2 which constituted unskilled work, and was therefore consistent with the RFC assessment to simple and repetitive tasks. *Gonzalez*, 2018 WL 1426655, at * 7. Preliminarily, the issue presented in *Gonzalez* is not the same as that presented here. Here, the ALJ gave significant weight to an opinion that limited the Plaintiff to not only simple, routine tasks but to one- to two-step tasks, but the ALJ left out the one- to two-step task limitation in the RFC and in the hypothetical to the VE. The distinction between only simple, routine, repetitive tasks and a limitation to one- to two-step tasks is critical in this case, and was not at issue in *Gonzalez*.

Moreover, "'[t]he SVP level is not [ ] synonymous with the simplicity of a task.'" *See Hampton*, 2018 WL 2761954, at * 12 (quoting *Ferguson v. Colvin*, No. 3:15-cv-01532-SU, 2016 WL 7042076, at *2-3 (D. Or. Dec. 2, 2016). A finding that the reasoning level is more aligned with functional limitations as to the simplicity of tasks is consistent with *Rounds*. *Rounds*, 807 F.3d at 1003 (noting similarity between reasoning level and RFC limitation to simple one- and two-step tasks).

The court acknowledges that *Rounds* noted unpublished decisions of panels of the Ninth Circuit and some other circuits that have found an RFC limiting a claimant to simple, repetitive or routine tasks is consistent with reasoning level 2. *Rounds*, 807 F.3d at 1004 n. 6. As was explained above, in this case, the ALJ gave significant weight to the opinions of Drs. Torigoe and Roldan.

17

Their opinions included the limitation to one- to two-step tasks and instructions. The ALJ left that portion of their opinions out of the RFC with no explanation. To reject that portion of their opinions, the ALJ was required to give an explanation supported by substantial evidence in the record. If there is no supported explanation, and the RFC should have included the limitation to one- and two-step tasks, it is not clear whether there are jobs that exist in significant numbers in the national economy that Plaintiff could still perform, *i.e.* jobs assigned a reasoning level 1. Therefore, this is not a case where the court can conclude that the RFC is consistent with reasoning level 2.

The court has also reviewed an unpublished Ninth Circuit opinion where the panel held that the ALJ did not err when great weight was given to an opinion of a psychologist, but other portions of the psychologist's opinions were disregarded. The court points out, however, that the panel found no error because the other portions of the psychologist's opinions that were not included lacked substantial support in the medical record. *See Allums v. Colvin*, 649 Fed. Appx. 420, 423 (9th Cir. 2016). There is no indication here, and certainly no discussion in the ALJ's decision, that the limitation to one- to two-step tasks is unsupported by the medical record.

For these reasons, the court concludes that the ALJ erred and the error is not harmless. There is no explanation for omitting the limitation to one- to two-step tasks, and if the Plaintiff were so limited, it is not clear whether there is other work that exists in the national economy which Plaintiff can still perform with this limitation.

Therefore, this matter should be remanded for further proceedings for the ALJ to either give an explanation supported by substantial evidence for rejecting the limitation to one- to two-step tasks, or determine whether other jobs exist in the national economy that Plaintiff can still perform if he is limited to one- to two-step tasks, *i.e.*, jobs with a reasoning level 1.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's motion to remand;

(2) **DENYING** the Commissioner's cross-motion to affirm; and

(3) **REMANDING** this matter for further proceedings consistent with this Report and Recommendation.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 11, 2019.

_____
William G. Cobb
United States Magistrate Judge